UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. OSTRANDER,

       Plaintiff,

v.                                            Case No. 5:05-CV-82
                                            Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                                        /

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).[1]

        Plaintiff was born on September 1, 1955 and graduated from high school (AR 39, 55).[2] Plaintiff stated that he became disabled on September 14, 2001 (AR 39). Plaintiff had previous employment as a cashier and assembly worker (AR 50). Plaintiff identified his disabling conditions as diabetes, high blood pressure and swelling in the ankles and legs (AR 49). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision finding that plaintiff was disabled beginning February 1, 2003

---

[1] The federal court's standard of review for supplemental security income cases "mirrors" the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991).

[2] Citations to the administrative record will be referenced as (AR "page #").

(AR 14-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

The ALJ's decision was partially favorable to plaintiff, finding that he was disabled beginning February 1, 2003 (AR 20). The issue on appeal is whether plaintiff was disabled from September 14, 2001 (the alleged onset date of disability) through February 1, 2003. Plaintiff's claim for this approximate 16-month time period failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 19). Second, the ALJ found that he suffered from the severe impairment of diabetes mellitus, cellulitis of the lower extremities, obesity and hypertension (AR 19). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). The ALJ decided at the fourth step that:

> [f]or the period of time prior to February 1, 2003, the claimant had the maximum sustained residual functional capacity for light work with a sit-stand option; with no more than two hours per day of standing and walking; with no more than occasional use of ramps or stairs; with no more than occasional balancing, crawling, or using foot controls; with no kneeling, squatting, stooping, crouching or climbing of ropes, ladders and scaffolds; with no exposure to moving machinery; and with no exposure to unprotected heights. During this period, however, he only needed to elevate his legs for about fifteen minutes once or twice during an eight hour work day.

(AR 19). The ALJ further concluded that plaintiff was unable to perform his past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of light work (AR 20). Specifically, the ALJ found that an individual with plaintiff's limitations could perform the following jobs in the state of Michigan: general office clerk (11,600 jobs); order clerk (5,600 jobs); accounting clerk (12,400 jobs); and surveillance system

monitor (2,100 jobs) (AR 20). Accordingly, the ALJ determined that, prior to February 1, 2003, plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits for that time (AR 20).

## III.  ANALYSIS

The sole issue on appeal is whether this matter should be remanded to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) to review plaintiff's medical records of treatment received from January 22, 2002 through March 13, 2003 (AR 151-69). Plaintiff's counsel states that he sent this material to the ALJ after the administrative hearing but the ALJ failed to incorporate it into the administrative record.

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[3] In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute, which provides that "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence

---

[3] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

into the record in a prior proceeding." 42 U.S.C. § 405(g)(emphasis added).  "In order to obtain a remand for further administrative proceedings, Section 405(g) clearly requires a showing of both materiality and good cause." *Cline v Commissioner of Social Security,* 96 F.3d 146, 149 (6th Cir. 1996) (emphasis added).  Good cause is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986).  In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

At the administrative hearing on May 22, 2003, plaintiff's counsel advised the ALJ that "the updated medicals have not been received yet" (AR 173).  Specifically, plaintiff had not received records from Dr. Sanchez at the "Wound Clinic," a podiatrist named Dr. Throckmorton and his treating physician Douglas R. Vander Jagt, M.D. (AR 174).  Plaintiff's counsel agreed to provide the additional medical records within two weeks of the hearing and stated that he would call the ALJ's office if the records were not received by that time (AR 174-75, 217).  This time frame required plaintiff to submit the new records by June 5, 2005.

There is no evidence that plaintiff's counsel submitted these additional medical records by June 5th.  Moreover, the administrative record is confusing and incomplete with respect to the submission of additional records.  The ALJ issued his partially favorable decision on December 14, 2003. In his decision, the ALJ referred to Exhibit 6F as being received after the hearing (AR 14). However, Exhibit 6F consists of emergency room records from the Ingham

Regional Medical Center, not records from Drs. Sanchez, Throckmorton or Vander Jagt (AR 140-46, 174). To further complicate matters, plaintiff's counsel referred to Exhibit 6F at the hearing, but identified this exhibit as Dr. Jones' consultative examination, which is actually Exhibit 3F (AR 124-28, 217).

In a request for review of the hearing decision directed to the Appeals Council, plaintiff states, "I sent the ALJ a letter on June 23, 2003, along with the new records from the treating physician, Dr. Vander Jagt" (AR 147). Counsel goes on to state:

> The ALJ acknowledged receiving that evidence, adding it to the record as Exhibit 6F, and fully considering it in making his decision. Decision at page 1. The exhibit list does not refer to these reports, however, and Exhibit 6F is listed as "Emergency Room Records dated 1/5/02 from Ingham Regional Medical Center. The exhibit list does not refer to any exhibits that were admitted after the hearing.
>
> In case the new reports were not included in the exhibit file, new copies are enclosed.

(AR 147). The June 23, 2003 letter referenced above described plaintiff's treatment with Dr. Vander Jagt and enclosed copies of the doctor's treatment records beginning in January 22, 2002 (AR 149).

The administrative record is silent as to whether plaintiff called the ALJ for an extension to submit the additional records; whether the ALJ received the June 23, 2003 letter; or whether the ALJ incorporated the letter and its attachments into his decision. Neither plaintiff's counsel nor defendant's counsel has offered an explanation for the absence of the June 23, 2003 letter and attachments from the record in this case. Defendant apparently presumes that the letter was sent on June 23, 2003, and takes the position that plaintiff has not shown good cause for a sentence six remand, because plaintiff's counsel provided the additional medical evidence after the two week extension period.

It is unclear from the administrative record as to whether the ALJ ever reviewed the June 23, 2003 letter or Dr. Vander Jagt's records. Nevertheless, defendant asks this court to find that plaintiff's submission was untimely. In this regard, defendant relies upon the Agency's Hearings, Appeals and Litigation Law Manual ("HALLEX"), which states that "[w]hen a claimant or representative requests time to submit evidence or written arguments after the hearing, the ALJ must set a time limit for the posthearing actions to be completed." HALLEX I-2-7-20(A). "If the material or a showing of good cause is not received by that time, the ALJ will issue a decision without the material" and that "[f]urther contact with the claimant or representative is not necessary." *Id.* at I-2-7-20(A)(1). HALLEX further provides that the ALJ should set another time limit "[i]f the material is not received by that time, but good cause is shown." *Id.* at I-2-7-20(A)(2).

The court is hesitant to strictly apply the HALLEX rules in this case. First, defendant cites no authority for the proposition that the HALLEX guidelines are binding on this court. As one court recently observed, "[i]t is unclear whether the provisions contained in the HALLEX are legally binding and enforceable on their own in the Sixth Circuit." *Suciu v. Barnhart*, 405 F. Supp.2d 874, 880 (M.D. Tenn. 2005).[4] Second, the administrative record is confusing with respect to the identification of Exhibit 6F and whether the ALJ actually viewed Dr. Vander Jagt's records before issuing his decision. Given the gaps in the administrative record, the court would need an

---

[4] The Sixth Circuit appears to give some effect to the guidelines. *See, e.g., Robinson v. Barnhart*, 124 Fed. Appx. 405, 410 (6th Cir. 2005) (observing that HALLEX sets forth "safeguards and procedures" for the agency's administrative proceedings); *Adams v. Massanari*, 55 Fed. Appx. 279 (6th Cir. 2003) (relying on HALLEX to reject claimant's argument that she was unfairly denied a supplemental hearing). *See also, Redding v. Apfel,* No. 99-3876, 2000 WL 1529805 (6th Cir. Oct. 6, 2000) (court considered claimant's argument that the ALJ's failure to follow the HALLEX procedures violated due process, but found that the relevant HALLEX procedures were rendered moot by the ALJ's later actions); *Kirves v. Callahan*, No. 96-5179, 1997 WL 210813 at *3-4 (6th Cir. April 25, 1997) (court considered claimant's argument that she was entitled to a remand for additional evidence under HALLEX I-3-711).

8

evidentiary hearing to clear up the gaps in the administrative record. However, the court does not need to resolve the "good cause" issue because plaintiff has not demonstrated that these additional records are material.

The ALJ established the disability onset date of February 1, 2003 based largely upon plaintiff's testimony:

> In reaching the decision, herein, that the claimant has been disabled since February 1, 2003, consideration has been given to the reports of the state agency medical consultants as well as to other treating, examining and non-examining medical sources. However, the opinions of the DDS consultants indicating that the claimant is not disabled are inconsistent with the objective medical evidence of record. In addition, those opinions did not take into account the claimant's subjective symptomatology, as reflected in his testimony at the hearing, which the undersigned found to be quite credible and convincing. The claimant testified that he suffered a significant worsening of his cellulitis at the beginning of February 2003 that requires him to elevate his legs frequently and lie down on occasion during the work day. Such limitations preclude the claimant from being able to work on a regular and sustained basis.

(AR 17).

The ALJ found that plaintiff had seen Dr. Vander Jagt for persistent problems with diabetes mellitus and cellulitis since September 2000 (AR 15, 94-104). The new medical records do not demonstrate that plaintiff suffered a significant decline in his condition prior to February 1, 2003. For example, in August 2002 Dr. Vander Jagt found no open wounds and in September 2002 the doctor characterized plaintiff's cellulitis as stable (AR 155-56). Plaintiff's last hospitalization occurred in October 2001 (AR 18). Although he visited the emergency room in January 2002 (AR 18), there is no record of hospital visits between January 2002 and February 1, 2003. The additional records do not establish any new limitations on his activities prior to February 1, 2003. Rather, these records are consistent with plaintiff's testimony that he did not have any sores on his legs "during

a good part" of 2002 and "until early" in 2003 (AR 185). Plaintiff cannot demonstrate a reasonable probability that the Commissioner would have reach a different disposition of his claim if presented with this new evidence. *See Sizemore*, 865 F.2d at 711.[5]

Accordingly, plaintiff's request for a sentence-six remand should be denied. *See Cline,* 96 F.3d 149.

**IV. Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.


Dated: April 26, 2006              /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[5]The Appeals Council in fact received Dr. Vander Jagt's medical records, considered them, and found no basis to review the ALJ's decision (AR 5-8). Where the Appeals Council does consider new evidence but then, as here, declines to review a claimant's application for disability insurance benefits on the merits, this court cannot consider that new evidence in deciding whether to uphold, modify or reverse the ALJ's decision. *See, Paso v Commissioner of Social Security,* 137 Fed. Appx. 828, 846-47 (6th Cir. 2005).